O’NIELL, Chief Justice
 

 (dissenting in part).
 

 I respectfully dissent from that part of the decree where the court, in remanding the case for further proceedings, directs that the further proceedings shall be consistent with the opinion of the court that it is not now called upon to consider “the proposition contended for -by the defendants that the State is without a right or cause of action to maintain the suit.” That issue ought to be considered and disposed of now.
 

 It is said that the exception which each of the defendants filed is an exception of want of authority of the Attorney General to file and prosecute the suit in the name of the State. It is conceded that the theory of the exception is that the State Mineral Board has been given the exclusive right of action to bring a suit to annul or cancel a mineral lease, and hence that the Attor
 
 *427
 
 ney General is without authority to institute the suit for and on behalf of the State without first obtaining permission from the State Mineral Board. It is said — and rightly said — that “what the defendants are contending is not that the Attorney General is without authority to institute and prosecute a civil suit on behalf of the State but that the State is without a right or cause of action to sue, for the reason that the Legislature has delegated the right, sought to be enforced, to the Mineral Board, to the exclusion of anyone else.”
 

 It is plain therefore — and it seems that the court recognizes — that the defendants do not — by their exception — challenge the authority of the Attorney General to institute and prosecute the suit in the name of the State if the. State has a right of action. The defendants are merely challenging the State’s right of action; and the wording of the exception makes the challenge as plain as it could be made.
 

 My opinion is that the court is now called upon to consider and decide whether the right of action — if there is a right of action — is in the State or in the State Mineral Board. It is true that the attorneys in the argument of the case for the defendants declared that their exception was an exception to the authority of the Attorney General to bring the suit in the name of the State; but I do not see what difference it would make if the exception should be labeled exception of no right of action. To say that the Attorney General has no authority to bring the suit in the name of the State, instead of bringing it in the name of the State Mineral Board, is the same as to say that the State has no right of action. That is exactly what the defendants — by their exception — do say. That they may have called their exception by the wrong name is no reason why the court should take two bites at a cherry. What’s in a name ? That which we call an exception of no right of action, by any other name would challenge the plaintiff’s right of action.